UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIONEL PIERRE,

                              Plaintiff,

        v.

SGT. PATRICIA MADENA and NEW YORK
CITY FIRE DEPARTMENT,

                              Defendants.

**MEMORANDUM AND ORDER**
19-cv-247 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

        Lionel Pierre ("Plaintiff") brings this action against Sgt. Patricia Madena ("Defendant") and New York City Fire Department ("FDNY"),[1] alleging violations of his constitutional rights under 42 U.S.C. §1983 ("Section 1983"). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against her in the complaint.

## BACKGROUND[2]

        According to the complaint, the New York Police Department ("NYPD") towed Plaintiff's vehicle from his driveway on August 30, 2016. (Compl. at 4, ECF No. 1.) The NYPD did so, Plaintiff claims, "without a warrant" and "without probable cause." (*Id.* at 5.) On September 21, 2016, Plaintiff was instructed to pick up his vehicle, and he was arrested after arriving to the precinct. (*Id.*) Plaintiff contends the arrest was for an incident on August 30, 2016, where Renae Mascol, an emergency medical services personnel with the FDNY, tailgated Plaintiff and flashed high beams at him. (*Id.*) According to Plaintiff, he spoke with Ms. Mascol

---

[1] The City of New York and Renee Mascol were terminated as defendants on June 21, 2021.

[2] The following facts are taken from the complaint and assumed to be true for purposes of deciding the instant motion.

1

and "ask[ed] why she and FDNY [are] awalys tailgating [his] car all the time." (*Id.*) After his arrest stemming from that incident, Plaintiff was later acquitted of the unspecified charges. (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Furthermore, where a plaintiff is proceeding pro se, the pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). This is "particularly so when the pro se plaintiff alleges that [his or her] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

Liberally construing Plaintiff's complaint, he appears to bring claims for false arrest, false imprisonment, malicious prosecution, and excessive force based on tight handcuffs. (Compl. at 4–6.) The Court addresses each in turn.

### I. False Arrest and False Imprisonment

The elements of a false arrest claim, under both Section 1983 are New York state law, are well established. Specifically, a Plaintiff seeking to establish such a claim must show that: (1) defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement and (4) the confinement was not "otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (cleaned up). The final element is negated, and a false arrest claim cannot stand, if there was probable cause for the arrest. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (probable cause is a "complete defense" to false arrest claims); *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir. 2002) (probable cause is an "absolute defense" to false arrest claims). In addition, where a plaintiff pleads claims for both false arrest and false imprisonment, courts analyze the two claims together. *See Worytko v. Cnty. of Suffolk*, No. 03 CV 4767 DRH ARL, 2007 WL 1876503, at *2 n.4 (E.D.N.Y. June 28, 2007) (analyzing claims for false arrest and false imprisonment together because the two claims are "synonymous"). As with false arrest, the existence of probable cause also serves as "an absolute defense" to claims of false imprisonment. *Sewell v. City of New York*, No. 10-CV-5039, 2011 WL 1748733, at *3 (E.D.N.Y. May 9, 2011).

Probable cause to arrest exists where an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a

crime." *Caldarola*, 298 F.3d at 162 (internal quotation marks and citation omitted). The probable cause determination requires a court to consider the facts available to the officer at the time of, and immediately prior to, the arrest. *Id.*; *Elufe v. Aylward*, 09–CV–458 (KAM)(LB), 2011 WL 477685, *4 (E.D.N.Y. Feb. 4, 2011). Under both federal and New York law, probable cause may be determined as a question of law to be decided by the court "when there are no genuine disputes about the facts and proper inferences to be drawn therefrom." *Armatas v. Maroulleti*, 2010 WL 4340437 *6 (E.D.N.Y.2010); *see also Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers.").

Here, Defendant argues that Plaintiff's claims for false arrest and false imprisonment are barred because there was probable cause to arrest Plaintiff. (Mem. L. Supp. Def. Patricia Modena's Mot. Dis. ("Def.'s Mem.") at 7–9, ECF No. 23-5.) In support, Defendant submits an arrest report ("Arrest Report," ECF No. 23-2) and complaint report ("Complaint Report," ECF No. 23-3) from the NYPD, containing allegations from the complaining victim, Ms. Mascol, that Plaintiff: "aggressively followed her" in his vehicle, "caused her to go on to the curb at one point," proclaimed "I will come back and kill you all," and took pictures of her.[3] (Arrest Report at 1); (Complaint Report at 1.) Based on these reports, Defendant had information "sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Caldarola*, 298 F.3d at 162. Indeed, probable cause may have existed

---

[3] The Court properly takes judicial notice of the Arrest Report and Complaint Report for purposes of deciding the instant motion. On this point, *Obilo v. City Univ. of City of New York* is instructive. No. CV-01-5118 (DGT), 2003 WL 1809471, at *4 (E.D.N.Y. Apr. 7, 2003). There, the Eastern District of New York considered an incident report in deciding a motion to dismiss where the plaintiff alleged he was arrested and prosecuted without probable cause. *Id.* at *4. Because the claims in *Oblio* hinged on whether probable cause existed, the incident report filed by the complaining victim was "central" to the plaintiff's claims, and the court considered it as "incorporated by reference in the complaint" in deciding the motion to dismiss. *Id.* Here, Plaintiff also alleges he was arrested "without probable cause." (Compl. at 5–6.) Accordingly, as in *Oblio*, the Court takes judicial notice of the Arrest Report and Complaint Report in deciding the instant motion.

4

to arrest Plaintiff on a number of a crimes—at a minimum, however, probable caused existed to arrest Plaintiff for reckless endangerment in the second degree.  *See* NY Penal Law § 120.20 ("A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.").  Accordingly, because the Court finds that Defendant had probable cause to arrest Plaintiff, his claims for false arrest and false imprisonment are dismissed.

## II.     Malicious Prosecution

To state a Section 1983 claim sounding in malicious prosecution, a plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) a favorable termination of the proceedings; (3) lack of probable cause to for commencement of the proceeding and (4) that the defendant acted with actual malice.  *Russell v. Smith*, 68 F.3d 33, 35 (2d Cir. 1995).  Because the district attorney ultimately decides whether or not to proceed with a case, the district attorney's decision to prosecute will generally cut off the liability for the arresting officers.  *Llerando–Phipps v. City of New York*, 390 F. Supp. 2d 372, 383 (S.D.N.Y. 2005).  Nonetheless, an arresting officer may be liable for malicious prosecution where the officer knowingly created false information that creates the basis for the prosecution.  *See Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003); *Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 130–31 (2d Cir. 1997).

Here, Defendant argues that Plaintiff's malicious prosecution claim is ripe for dismissal because Plaintiff fails to plead facts demonstrating Defendant's involvement in the prosecution.  (Def. Mem. at 9–10.)  The Court agrees.  Plaintiff has failed to plead any facts demonstrating that Defendant initiated the prosecution or submitted false information that led to the arrest.  Rather, Plaintiff simply pleads that Defendant arrested him without probable cause, which is insufficient

5

to sustain a claim for malicious prosecution. *See Smalls v. City of New York*, 181 F. Supp. 3d 178, 186 (E.D.N.Y. 2016) (dismissing malicious prosecution claim where the complaint "fail[s] to advance any specific actions on the part of those officers with respect to initiating prosecution, and makes only conclusory allegations that 'defendants' engaged in such acts"). In any event, as with Plaintiff's previous claims, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). For the reasons discussed, Defendant had probable cause to arrest Plaintiff, which independently forecloses his claim for malicious prosecution. *See id.* Plaintiff's malicious prosecution claim is therefore dismissed.

**III.     Excessive Force Based on Tight Handcuffs**

"Although handcuffs must be reasonably tight to be effective, overly tight handcuffing can constitute excessive force." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (citing *Kerman v. City of New York*, 261 F.3d 229, 239–40 (2d Cir. 2001)). "[I]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *Esmont v. City of New York*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005). More recently, the Second Circuit has framed the question as "more broadly whether an officer reasonably should have known during handcuffing that his use of force was excessive." *Cugini v. City of New York*, 941 F.3d 604, 613 (2d Cir. 2019). "A plaintiff satisfies this requirement if either the unreasonableness of the force used was apparent under the circumstances, or the plaintiff signaled her distress, verbally or otherwise, such that a reasonable officer would have been aware of her pain, or both." *Id.* The Second Circuit has cautioned that it would be legal error to "treat[] one factor as dispositive[] without

6

considering other factors such as the reasonableness of the tight handcuffs under the circumstances and whether the defendants ignored the plaintiff's complaints." *Horace v. Gibbs*, 802 F. App'x 11, 15–16 (2d Cir. 2020).

Here, without any elaboration, the complaint states simply that Plaintiff "suffer[ed] tight handcuff." (Compl. at 6.) Plaintiff has failed to plead even the most basic facts required to sustain a claim for tight handcuffs, including whether he complained about the tightness, Defendant's involvement in handcuffing him, that Defendant ignored his complaints, and any injuries caused by the handcuffs. *See Case v. City of New York*, 233 F. Supp. 3d 372, 385 (S.D.N.Y. 2017) (dismissing excessive force claim for tight handcuffs where plaintiffs "fail to allege that they complained about their handcuffs, that Defendants ignored such complaints, and that they suffered injuries caused by the handcuffs"). While the Second Circuit has cautioned against treating any single factor as dispositive, Plaintiff has failed to plead facts supporting *any* of the factors required to sustain his claim. *Horace*, 802 F. App'x at 15–16. Accordingly, Plaintiff's claim for excessive force based on tight handcuffs is dismissed.

## IV. Leave to Amend

"Ordinarily, "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Kohn v. Esposito*, No. 19-CV-2163, 2021 WL 1163071, at *3 (E.D.N.Y. Mar. 26, 2021) (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)). Here, the existence of probable cause forecloses Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution. Moreover, Plaintiff has failed to plead even the most basic facts supporting a claim for excessive force based on tight handcuffs. As such, leave to amend would be futile.

7

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       March 28, 2024  LASHANN DEARCY HALL
                                                United States District Judge