UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LIONEL PIERRE,   **MEMORANDUM AND ORDER**
19-CV-0247 (LDH) (LB)

        Plaintiff,

  -against-

NEW YORK CITY FIRE DEPARTMENT,

        Defendant.

-----------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Lionel Pierre, appearing pro se, brings this action against the New York City Fire Department ("FDNY"), and others, alleging violations of his constitutional rights under 42 U.S.C. §1983 ("Section 1983") (Compl., ECF No. 1).[1] For the reasons discussed below, Plaintiff's claims against the FDNY are dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

    According to the complaint, the New York Police Department ("NYPD") towed Plaintiff's vehicle from his driveway on August 30, 2016. (Compl. at 4.) On September 21, 2016, Plaintiff was arrested while picking up his vehicle from the precinct. (*Id.*) Plaintiff contends that the arrest stemmed from an incident on August 30, 2016, where Renae Mascol, an emergency medical services personnel employed by the FDNY, tailgated Plaintiff and flashed high beams at him. (*Id.*) Plaintiff confronted Ms. Mascol and "ask[ed] why she and FDNY [are] always tailgating

---

[1] The FDNY is the sole remaining Defendant. The claims against the City of New York and Renee Mascol were dismissed on June 21, 2021 (ECF No. 5), and the claims against Patricia Madena were dismissed on March 28, 2024 (ECF No. 27).

1

[his] car all the time." (*Id.*) Plaintiff was later acquitted of the charges related to his September 21, 2016 arrest. (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff brings this suit pursuant to Section 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured.

2

42 U.S.C. § 1983. As a matter of law, agencies of New York City cannot be sued. *Jenkins v. City of New York*, 478 F. 3d 76, 93 n.19 (2d Cir. 2007) (finding the New York Police Department to be a "non-suable agency of the City" of New York pursuant to section 396 of the City's Charter). The New York City Charter requires actions against city agencies to be "brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. Therefore, the FDNY, as an agency of the City of New York, may not be sued. *El Dey v. Bd. of Correction*, No. 1:22-CV-2600, 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022) (the FDNY is an organizational subdivision of the City of New York and lacks independent legal existence); *Gill v. City of New York*, No. 16-CV-3219, 2018 WL 10215985, at *3 (E.D.N.Y. Mar. 29, 2018) (same). Therefore, Plaintiff's claims against the FDNY are dismissed.

## CONCLUSION

Plaintiff's complaint against the FDNY, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this Memorandum and Order to the pro se Plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge

Brooklyn, New York
Dated: May 13, 2025